### J. H. JOHNSTON'S EXECUTOR *v.* SHEPHERD BROWN.

No provision of law can be found requiring the plaintiff in a partition suit to make creditors, who hold mortgages on the property, parties to the proceedings.

The agent of a partnership is not an agent of the partners individually.

APPEAL from the Second District Court of New Orleans, *Thomas, J.* *Elmore & King*, for C. E. Alter. *T. S. McCay*, for Brown.

*Durant & Hornor, for plaintiffs.*—The reasons assigned by the Judge of the lower Court for his judgment are ample, and come fully up to the standard required by the Article 76 of the Constitution of Louisiana of 1864, which is a repetition of the clause found in all our constitutions since 1812. The judgment contains the reasons upon which it is founded, as the Constitution requires. The Judge says that he had heard the evidence and arguments, and therefore gave judgment. If it can be asserted that evidence and argument are not reasons for a judgment, then what can be held to be such ?

The language used is precisely equivalent to saying that the law and the evidence were in favor of the plaintiff's demand, which are not only sufficient, but are, indeed, the best reasons for a judgment. *Allen v. Peyfavin*, 10 L. R. 42. *Morgan v. Police Jury*, 11 L. R. 162.

But it is doubtful, moreover, whether in this case it was necessary to assign any other reason than the default, or rather the default itself, with the evidence, constituted a sufficient reason for the confirmation. See C. P. Art. 360, and *Heinken v. Farmer*, 3 Rob. 155.

But, whether this be the case or not, the reasons that the Judge heard

the evidence and the argument are clearly sufficient.

No provision of law can be found requiring the plaintiff in a partition suit to make creditors, who hold mortgages on the property, parties to the proceedings. Indeed in most instances, it is impossible to know who the creditors are ; as the notes which the mortgage secures generally pass at once out of the possession of the mortgagee in the notarial act, who, in many cases, is a mere nominal party.

As the mortgage is only a right granted by law to the creditor, on the property of the debtor (L. C. Art. 3245), and "as, by our laws, the possession and title of property subject to mortgage, conventional, legal or judicial, remain in the debtor," (see L. C. 3374, and *Conrad* v. *Prieur*, 5 Rob. 49,) it follows that, on principle, there can be no necessity for making mortgage creditors parties to a partition suit. We know that nothing of the kind is called for by the practice of our courts, and that no authority whatever is invoked or can be found sustaining any such position.

The second point of the respondent is not a legal objection, but a mere begging the question. It is no valid objection to the executor that he is endeavoring to erase the mortgages after the probate sale; for, if the sale has the effect of transferring to the purchaser the property free of mortgage, then it is the duty of the executor to erase the mortgages, and it is in vain to object to him that he is doing his duty; "by the effect of the licitation, the moment the adjudication is made, the former proprietor is considered in law as never having had any title to the property, but only a right to his share of the price. See *Parker* v. *Depeyster*, 18 L. R. p. 351.

The case is similar with mortgage creditors of the proprietor.

The third point made by the respondent is one on which, we think, he cannot be heard.

Courts of Probate proceed in rem, and their action is binding on all the world.

The dative testamentary executor was bound, for he is a mere administrator acting for creditors, immediately after his appointment, to sue for a partition. See L. C. Art. 1128.

"Causes of nullity which precede the decree of the Court, ordering the land to be sold for the payment of the debts of the succession, are insufficient under our jurisprudence, as settled in the case of *Mitchell's Heirs* v. *Mitchell's Curator*, 11 L. R. 156, and *Lalme's Heirs* v. *Moreau*, 13 L. R. 431, to annul the sale made by the order of the Court. They are irregularities, which do not render the decree of the Court, and the sale under it, null and void. The Court had jurisdiction, and its decree protects the purchaser, although he was the administrator and one of the heirs at law, in the absence of any charge or proof of fraud against him." *Succession of John Gurney*, 14 An. 622 and 623.

The fourth ground of objection assigned by Davis, in the Court below, is so vague as scarcely to afford subject of debate.

The judicial sale of the property was made by the sheriff for cash, as the judgment of the Court directed. It was duly advertised.

There is no law which requires the property to bring the appraised value, where there are no minors interested. See *Gilmore* v. *Gilmore*, 9 An. p. 205.

This was a judicial sale, in which the doctrine of lesion has no applicability. L. C. Arts. 1863 and 2572. See also the case, *Hache* v. *Ayrand*, 14 An. 179.

But take the whole of the objections of Davis, from beginning to end, and we submit that they cannot be heard on a rule to erase mortgages; they could only be the subject of a direct action to set aside the judgments and orders by which the property was finally converted into cash; and even in such an action they could not prevail. See *Gilmore* v. *Menard et al.* 9 An. 212. See *Finlay* v. *Babin*, 12 An. 236.

*E. A. Bradford, for Davis, appellant.*—The counsel for Brown, and also the counsel for Davis, ex abundante cauteli, filed assignments of error. The counsel for the executor in their printed brief on file, affect to think the whole controversy confined to the points made in those assignments of error.

The Court will perceive that the certificate of the Clerk shows that the record is a full and complete transcript of all the evidence, documents and proceedings in the case.

The appellants may call the attention of the Court to any illegality in those proceedings without an assignment of errors. See case of *Mills Judson*, decided April 23d, 1866. *Nott* v. *Brander*, 14 L. R. 368.

By the will of the deceased, G. W. Johnson and David C. Schanks were made universal legatees, and the seizin of the property expressly given to them.

The effect of this seizin was to give them the possession of the property, and the appointment of the dative testamentary executor did not divest them of the possession of the real estate. C. C. 934, 1692, 1653; 4 Toullier, p. 94, § 82.

A dative testamentary executor, without seizin, has not the right to bring a suit for the partition of real estate, in which the succession may be interested. See C. C. 1233, 1232 et seq.; C. P. Article 123; 5 Toullier p. 541. et seq.; §§ 588, 590, 591; *Savage* v. *Williams*, 15 A. R. 250; *Succession of Dupuy*, 4 A. R. 571; *Succession of Bowles*, 3 R. R. 35, 37; *Michel's Heirs* v. *Curator*, 11 L. R. 156.

In opposition to these authorities the counsel for the executor rely upon Articles C. C. 1663, 1128. These Articles are not applicable to the case at bar.

1st. The Article 1663, by its express terms applies only where the property is sold to pay debts.

2d. The Article 1128 applies only to property held in community or

partnership. Now, the property in question was not held either in community or partnership. There can be no partnership in real estate. Besides, the object of the partition suit mentioned in C. C. 1128, is to ascertain the part belonging to the succession. This was not necessary in reference to the property in question, because that part was accurately set forth in the title. Where there is a community interest or partnership to be settled, it may be very important to the succession that the part belonging to the deceased should be ascertained. Not so where the interest in real estate is shown distinctly by the title.

The order of sale, the Sheriff's return, and the deed of sale, as also testimony of Deputy Sheriff, show, beyond question, that the sale was made to effect a partition, and not to pay debts. The fact that the proceeds of the sale might subsequently be applied in the hands of the executor to the payment of debts, did not change the character of the sale. If the property had been sold to pay debts it must have brought two-thirds of its appraised value.

Carter v. McManus, 15 A. R. 641; Valdere v. Dodd, 10 R. R. 396; 10 R. R. 457; 13 L. R. 296; 7 L. R. 312; 11 R. R. 508.

The fact that no regard was paid to the appraisement in making the sale, shows it was not a sale to pay debts. The Articles of the C. C. referred to by counsel for executor have therefore no relation to the case.

The counsel for executor justify the sale to effect the partition without appraisement, upon the plea of necessity. The case of Savage v. Williams, 15 A. R. 250, is conclusive against the existence of any such necessity. For very cogent reasons the Court decide in that case that the property ought not to have been sold in block. The heirs could not protect themselves in such a sale, without bidding for the whole property. The same remark applies with equal force to the mortgage creditors as well as heirs in the case before the Court. They could not protect themselves in the sale in block, without becoming bound to pay in cash into the Sheriff's hands the portion belonging to Shepherd Brown's interest. This, it might have been, they were not able to do, and their interests in consequence sacrificed.

But even if the dative testamentary executor had the right, under the circumstances of this case, to bring the suit for partition, still it was necessary that these proceedings should have been conducted contradictorily with the attorney for the absent heirs and the mortgage creditors. This is true, both with regard to the order of sale to pay debts applied for by the executor, as well as to the proceedings conducted specially in reference to the partition. Succession of Bowles, 3 R. R. 35, 37; French, Executor, v. Prieur, 6 R. R. 299; Michel's Heirs v. Curator, 11 L. R. 156; Elliott v. Labarre, 2 L. R. 328; Savage v. Williams, 15 A. R. 250; C. C. 1157, 1204 et seq.; C. C., 1662, 1664; Acts 1817, p. 186 § 1.

6 R. R. p. 302, the Court says : "In 3d Robinson we held that an executor could not sell the property confided to his charge without notice

to the heirs, as it might be their interest to furnish him with money to pay the debts and legacies, and thus prevent a sale. Mortgage creditors have by law certain rights secured to them, in relation to the sale of property belonging to successions, and it would seem but just that they should have some notice of an application to sell that on which their lien exists, and thereby to discharge it."

In the case before the Court, the mortgage creditors complain that not only their mortgages on the property of the succession, but also their mortgages against the property of Shepherd Brown, have been destroyed by these proceedings of the executor.

We think the list of authorities above referred to conclusive upon the point. The statutory provisions cited have never been repealed. The decisions referred to have never been overruled. The most that can be urged to the contrary is, that in some extreme cases, amongst many other sufficient reasons for their judgments, the Court decided that orders of sale in succession cases could not be attacked collaterally. We do not attack these proceedings collaterally. We attack them in the very case in which they occurred, directly, and by appeal from the very orders themselves.

Service of petition and citation in the partition suit was not made upon the defendant in person, but upon Bourke, an alleged agent. There is no sufficient proof of the agency.

The power to represent the principal in actions is not one of administration, and must be express and special. C. C. 2966; 9 L. R. 78; 10 L. R. 598; 4 A. R. 61; 5 A. R. 218; 6 A. R. 562, 551.

Knowledge of the pendency of a suit not sufficient to bind a party. There must be service of citation or waiver of it. 2 L. R. 172; 4 L. R. 154; 13 L. R. 11; 6 R. R. 9; 3 A. R. 9; 8 N. S. 147; *Augusta Insurance Company* v. *Packwood*, 9 A. R. 85.

The Sheriff's return on citation is not proof of the agency of the person on whom it was served. *Jacobs* v. *Sartorius*, 3 A. R. 9; *New Orleans* v. *Christ Church*, 3 A. R. 453; *Mechanics' Bank* v. *Walton*, 7 R. R. 451; *Fortier* v. *Field*, 17 L. R. 587; *Ridge* v. *Alter*, 14 A. R. 866.

The only other evidence of the agency of Bourke is an entry, and the testimony of Bourke.

The entry on the minutes of evidence, is as follows: "Counsel for plaintiff offers in evidence the record of the succession of Shepherd Brown, and also the power of attorney from Shepherd Brown to R. A. Bourke."

This power of attorney is nowhere to be found in the record. In fact, no such power of attorney, we are informed, existed. There is no evidence that any such power of attorney was ever filed in the case. There is no suggestion of any diminution of the record. The Court, therefore, is bound to presume that no such power of attorney was produced on the trial, especially as the certificate of the Clerk states that

the record contains all the documents filed in the case. It is evident that the counsel, in an exparte proceeding got the Clerk to make the entry, under the expectation that they might subsequently find such a power of attorney. Not being able to produce the power of attorney, the entry in the minutes is no evidence whatever of agency.

Bourke, says : "I have a power of attorney of Rotchford, Brown & Co., which I produce in Court. The members or partners all concurred in said instrument." This power of attorney was not filed, and is not to be found in the record. It is evident from the language of the witness that this was a power from the commercial firm of Rotchford, Brown & Co., and related solely to the business of the firm. It conferred no power on Bourke to represent the private interests of Shepherd Brown in suits for the partition of real estate; a species of property which cannot be held in commercial partnership. The whole proceedings based on the service of citation upon Bourke, must therefore tumble to the ground.

The judgment ordering the partition and sale of the Union street property was a judgment by default. *Guidny* v. *Guidny*, 16 L. R. 157. It must be served in same manner as citation *Brown* v. *Trent*, 12 L. R. 600.

Article 1843, p. 40, of Acts, only dispenses with notice where the defendant has answered, leaving the law as it stood before in relation to judgments by default. C. P. Article 624.

The judgment ordering the sale and partition was appealable.

The Union street property could not have been legally sold under this judgment. We shall hereafter show that this property was not sold under that judgment, but under a subsequent order which did not authorize its sale.

The judgment above referred to ordered the experts to be appointed to partition the batture property in kind. The experts appointed were never sworn. Rec. p. 33. C. P. Article 448. C. C. 3078. 2 N. S. 5.

This omission is a fatal objection to the validity of their report.

A rule was taken to homologate the report of experts and to sell the property in block. On the trial of the rule, the counsel for executor introduced Vienne as a witness. Vienne swore the property could not be divided in kind.

Borgstede, a witness, had previously sworn this batture property could be divided in kind.

It is submitted that, upon this evidence, the Judge was not warranted in ordering the sale in block. C. C. 1261.

Defective as these proceedings were, the rule to homologate the report of the experts, and to sell the property in block, was tried ex parte, without any notice whatever to Shepherd Brown, the defendant. There was not even a shadow of notice to Bourke, the pretended agent.

Rec. p. 38, will be found the order of Court directing the notice to be given,

At page 40, it will be found that the rule was tried without this notice having been given, and in the absence of the defendant. This certainly is enough to establish the nullity of the subsequent judgment.

Numerous and serious as are the points already urged against the validity of the proceedings which led to the sale, we shall proceed to call the attention of the Court to other irregularities, more fatal if possible than those already adduced.

1. The judgment on the rule for the sale of the batture property was obtained without notice of the trial to the defendant, and in his absence.

2. The judgment thus rendered was one by default and could not be executed without notice of judgment being served upon defendant. See authorities before cited. There was no such notice served upon the defendant. Everything done under an execution unlawfully issued is void. *Holmes* v. *Henken*, 6 R. R. 51.

3. This judgment could not be legally executed by the Sheriff without an order from the Clerk of the Court, signed by him, and sealed with the seal of the Court. C. P. Arts. 625, 626. In this case no such order was issued by the Clerk, but the Sheriff made the sale upon a mere copy of the judgment handed to him, we know not by whom.

4. Five days after the judgment was signed, the Sheriff proceeded to execute the judgment. The executor did not wait for the lapse of the ten days provided by law. C. P. 624. The defendant has never waived this objection.

HOWELL, J. W. R. Crane, having been appointed dative testamentary executor of J. H. Johnston, deceased, instituted this suit against Shepherd Brown to effect a partition of certain real estate owned jointly by said Brown and Johnston, and had service made upon R. A. Bourke, as the attorney in fact of defendant, who was then absent.

Default was taken, and upon the subsequent procuration of evidence, the District Court ordered the property to be sold "in order to effect the partition." The sale was made for cash, and a rule was then taken by the executor on the Recorder of Mortgages and the mortgagees to erase the mortgages existing on said property, which being made absolute, several of the mortgagees and the defendant appealed therefrom and also from the judgments decreeing the sale.

Among the various grounds urged for the reversal of said decrees, we think it necessary to notice one only, which is fatal, to wit: the want of citation to defendant.

The power of attorney, introduced in evidence by plaintiff, to establish Bourke's authority to represent Brown in this action, is one from the commercial firm of Rotchford, Brown & Co., composed of Philip Rotchford, Shepherd Brown, the defendant, and Joseph H. Johnston, the deceased, and constitutes Bourke the agent of said firm, but not of the individual members. We can find nothing in it authorizing him to represent any

one of the persons composing the firm in relation to their separate individual interests. The agent of a partnership is not an agent of the partners individually. Under the act of procuration before us, Bourke could not transfer the interest of one of the partners in the real estate owned jointly by them to another partner; for under it he represents one as much as another, and he cannot combine in himself the character of vendor and vendee. And, besides, the firm being dissolved by the death of Johnston, and the mandate being thus terminated as to the firm, it can not retain vigor as to either of the surviving members.

We think it clear that Bourke is without authority to represent Brown in this action, and that, consequently, all the proceedings based on the citation to him, as the agent of Brown, are null.

When there is an utter absence of legal service, the case will be remanded. 3 A. 453.

It is therefore ordered that the several judgments appealed from herein be annulled, and that the petition be dismissed; the plaintiff, as executor, paying the costs of both Courts, his right of action, if any he have, being reserved.